319-0507. People of the state of Illinois, Appley v. Luis Figueroa Silva, Appellant. Mr. Arado, you are the appellant today. Are you ready? Yes, Your Honor. Why don't you proceed? Thank you, Your Honor. May it please the court. Good morning, Your Honors. Counsel Thomas Arado on behalf of the people. As appellant, this case arises from the denial of a motion by the state to amend the indictment to change the identity of the controlled substance from cocaine to fentanyl. There are two issues that have to be addressed in this case. The first is whether there is jurisdiction for the state to appeal this particular case because does it fall under the exceptions of 604A1. The second issue is if this court finds it does have jurisdiction, then whether the trial court erred when it denied the motion. A brief background, the defendant was charged in October of 2018 with possession, unlawful possession with intent to deliver a controlled substance identified as cocaine more than 900 grams or more of cocaine. And later the state filed a superseding indictment alleging the same level and the same offense. Then in March of 2019, the state filed a motion to amend the indictment on the basis that the state police lab had determined that the substance was not cocaine as the field test had determined, but fentanyl. The motion alleged that this was a formal defect and the state was simply substituting the identity of the substance from cocaine under section 5 or 570 section 401A2D to section A1.5D. The motion alleged that the state could do this pursuant to section 111-5F of the code of criminal procedure. The trial judge denied the motion and then denied the state's subsequent motion for reconsideration. In denying the motion, the trial court indicated it didn't actually note the answer, but it was still denying the motion. And it encouraged the state to seek an appeal of the matter. The state filed a motion or rather a certificate of impairment and a notice of appeal, which brings us to the first issue. Does this court have under 604A1? The state can only allege that it had the substantive effect of dismissing the charge because the state could not prove that it was cocaine since the substance was fentanyl. I turn the court's attention to people versus bets, which of course we are distinguishing on substantive grounds, but procedurally the court there when it determined that amendment of the indictment or the charging instrument from a class 2 narcotic to a class 3 non-narcotic was a substantive change. And the court determined that since the state could not prove the non-amended charge, that it was not going to remand and essentially dismiss the case. So the state's position is that that would be the same effect here. If this court determines, of course, that there is no jurisdiction, that it does not have a substantive effect, then the appeal obviously must be dismissed and matter remanded for whatever fate is in store for the case. If this court determines it does have jurisdiction, then the issue becomes whether the trial court denied in error the motion to remove it. Mr. Arado, can the state go back to a grand jury on the other substance? I think that the grand jury could have potentially gone back. The representation that was made at least was that that particular grand jury had expired. At least that was true. That grand jury did, but is there anything to prohibit it before another grand jury? The argument below from the defendant was that because this would be a new indictment, that the speedy trial would have passed the time and therefore the state could not proceed on a new indictment. So arguably that would be the basis for not being able to bring it back to it. Thank you. You're welcome. As far as the substantive issue, the state submits that this was a formal defect of identity of the substance. Under Section 111-5 of the Code of Criminal Procedure, the state or defendant may at any time amend any formal defects, including a misjoinder of the offense charged. People rely upon people versus Flores, which was a first district case that also relied upon people versus Jones, a Supreme Court case. In Flores, the defendant was charged with two counts of delivery of cocaine, one count of heroin. And then at trial, during rebuttal argument, the state was allowed to amend the charging instrument to reflect that all three substances were in fact cocaine, based upon the evidence presented. The Flores court said that that was appropriate, not only because that was what the grand jury had intended, but because the unequivocal evidence that was established at trial was that the substances were cocaine. This is a similar situation, except we haven't actually gone through the trial. We're still at the preliminary stages, if you will, and we're stuck with the representation that the substance is fentanyl and not cocaine based upon the testing. The Jones court, which was relied upon by Flores, talked about the fact that the identity of a victim in the armed robbery is an essential element. And when the state was permitted to amend on the morning of trial, the identity of victim that was permissible by the Supreme Court. I note that a defendant in his brief argues that under People Espinosa, which is a 2015 Supreme Court case, they kind of distinguished Jones. But I note that in paragraph 36 of Espinosa, the court talked about the fact that in Jones, it was a misidentification and the change of the identity of the victim was permissible. Jones did not hold that identification need not be included. I'd say that Espinosa was a case in which the state refused to identify the victim of a domestic battery because the victim was a minor. The court found that because the victim is an essential element, it had to be identified. And since the state refused to identify the victim, the dismissal or the subsequent dismissal of the indictment was appropriate and Supreme Court affirmed it. But the point being that Espinosa doesn't change anything about Jones. As far as the remaining arguments, I think we can stand on our brief as far as the fact that there are other cases that allow for the amendment of the charging instrument when we have different substances. We acknowledge that there are cases, Betts and Trout, in which the court had determined that that was not an appropriate amendment. However, that's changed both from a narcotic to a non-narcotic and the level of class, rather class and level of offense. Here, the classification of the offense and the both under the Controlled Substances Act are just different subsections. So if there are no other questions, we would respectfully request this court to reverse and remand for further proceedings. What's our standard of review, Mr. Arado? Well, the denial of a motion is the standard of review. Excellent question. I believe abuse of discretion is our standard of review when determining that, but I will... That was the one question. I will have to get back to you on that one. I apologize. Thank you. Thank you, Mr. Arado. Any other questions? Mr. Durkee. Yes. Can you hear me? Yes. Thank you, Justices. My name is Jim Durkee. I'm present here on behalf of Luis Figueroa Silva. I'm his defense appellate counsel and I was his trial counsel as well. I wanted to tell you just some of the basic facts that were outlined by Mr. Arado. The defendant was charged by information on October 18th of 2018 with possession with intent to deliver cocaine. And on October 23rd, 2018, he was charged by indictment with the same charge, by grand jury indictment. On January 29th, about three months and a week later, the state delivered its second response to discovery. And in that response, there was a lab report dated one week earlier, January 22nd, in which it indicated there were four packages submitted to the Illinois State Police Lab, and two of those packages were tested. And those two for the presence of fentanyl. The state, well, the next court date was not until March 15th. And that's when the state presented its motion to amend the indictment to change the allegations from possession of cocaine to possession of fentanyl. That motion was denied on March 30th. And the defendant's bond was reduced on that day. And he posted bond, I think, next day and was finally released on May 31st of 2019. A motion to reconsider was subsequently filed and denied, and then his bond was exonerated for this appeal. I think that this case should be decided on jurisdiction. As counsel and I agree, the source of authority for jurisdiction is Supreme Court Rule 604A1. And the source of authority for that is the Illinois State Constitution that grants the Illinois Supreme Court authority to prescribe the scope of interlocutory appeals. An interlocutory appeal, in this case, is being sought on the basis that it has the substantive effect of which results in dismissal of the charge for any of the grounds enumerated in Section 114-1 of the Code of Criminal Procedure. And the state has elected that of those grounds, the ground that this has the substantive effect of resembling is that the charging instrument fails to state a charge, subsection eight of that code section. I don't think any of the other three apply. So we're really proceeding on that one ground. And what that really comes down to is, is this in order, the substantive effect of which results in for failure to state a claim. I'd suggest there are three reasons why it's not. The first reason is that the court's order denying the state's motion to amend the indictment did not change the indictment. The indictment was the same before the court's order and it was the same after the court's order. Well, let me ask a question. Isn't that true every time a court suppresses evidence when they, on a motion in limine, when a court suppresses evidence, the court doesn't change the indictment? That's true. Under Section 604-A, there is a separate ground for being able to appeal a granting of a motion to suppress evidence. That would be a 604-A-4. And I think that, yeah, that would not require the changing of the indictment. It would just require there to be suppressing evidence, which we don't have in this case. You're saying, to cut to the chase, that the indictment stated a claim? Correct. Exactly. The stated claim charging the defendant with, that there's probable cause, whatever, yeah, right, true indictment, true bill, to charge him with illegal possession, distribution, I presume, right? Correct. Exactly. It still states a charge. It doesn't fail to state a claim. Whether the state can prove it is another matter. And I'll talk about what the state could have done after a couple more points here. Second, this is not in order of the substantive effect of which results in dismissal because this case has not been dismissed. It's still pending. The state can go forward. Whether they can prove their case is their business, but they can proceed on this charge. It has not been dismissed. And then finally, I'd suggest in my brief, I cite the case People v. Holden. You mean the charge of possession, distribution of cocaine? Correct. It remains, yes. Well, let me ask you this. Let's suppose we go back and this case goes to trial and the state puts on its evidence and the evidence is fentanyl. What are you going to do at the close of the state's case? I'm going to move for a directed verdict after the state's case is closed. To further address your question, I think what the state needed to do here was re-indict. They got this lab report on January 22nd, or at least that's when it was authored, and they had it at least on January 29th when they provided it to me. That was well within the 120-day period that they could have re-indicted. They could also, under the speedy trial statute, ask for an additional 60 days with good cause, which they could have done on March 15th instead of filing a motion to amend the indictment. But they didn't do that. So that's really where their problem lies. It's not in the denial of this motion. It's that they never re-indicted. Well, okay. What's the prejudice to your client? The prejudice is he was in custody for over 120 days without knowing what he was really charged. Do you think the result at the grand jury would have been different the first time if they had said fentanyl instead of cocaine? Do you think the grand jury would have said, we're not going to return a true bill on that? Well, practically speaking, it's common parlance to say a prosecutor can indict a ham sandwich. So I'm not going to say no. I don't think that the grand jury would have indicted. But I will say the grand jury was presented with absolutely zero evidence of the possession of transcripts. Well, I mean, the whole point of all these criminal protections is to protect the defendant from undue surprise and giving the state an advantage at trial and to the prejudice of a defendant. Isn't that right? Well, undue surprise factors in sometimes and not others. When it's pre-trial and it's not a motion in arrest of judgment, but rather a motion to amend the pleadings, undue surprise has been ruled not to be a factor. That was ruled in the Espinoza case. If it's pre-trial, then the pleading requirements of section 111-3 are mandatory. And that includes the nature and elements of the offense. What about the Flores case? I mean, here they amended the charge after rebuttal. Yes. So the Flores case, the court found... So what happened? There was three charges. Two were charged with delivery of heroin and one... Excuse me. Two were delivery of cocaine. One was delivery of heroin. At the close of the prosecutor's case, the prosecutor was allowed to amend the third charge from heroin to cocaine. Cocaine was the only evidence at trial. Heroin was never mentioned at trial. And the Flores court found unequivocally that the grand jury intended to indict him on cocaine. That was the only thing that was mentioned also to the grand jury in addition to trial. And that's not what we have here. I would suggest that... And moving on, I mean... So your claim is that the grand jury intended to indict only on fentanyl. Oh, no. In this case, they intended to indict on cocaine. That's what I thought. I'm kind of confused. Yeah. Well, the charge is, is it not possession with intent to deliver a controlled substance, right? And then there are a number of different controlled substances that fall within each class. That's correct. I think that the state would like it characterized that way, because by saying it that way, we're saying that there is a charge of possession, and then we're just substituting in the substance. But I would suggest that the Betz court and the Trout court both found that the actual substance alleged was an essential element of the offense and had to be alleged in order to the pleading requirements. But in Betz, they tried... They were changing the classification of the drug too, right? Correct. So they changed that from a class two. The state was allowed to change it to a class three, which actually came with a lesser penalty. The defendant was convicted on that charge and appealed it. And the court said that so long as the state chose to proceed by grand jury indictment, it was obliged to return to the grand jury to change it. Even though it was the same thing, the initial charge was dexedrine comma, a controlled substance, which is a narcotic. The amended charge was dexedrine, a controlled substance, which is a non-narcotic. I'd argue that's an even slighter change than in this case. And so, and that wasn't even allowed, even though it came with a lesser penalty. And in this case, cocaine and fentanyl are the same class of drug, right? And they carry the same sentencing range. It's true, though I'm unclear, and I wish I would have looked this up in advance, whether there are subsequent effects. I believe that fentanyl comes with an additional three years added on to any subsequent sentence for the possession of fentanyl. I'm regretfully not sure. Yeah. Well, not to rehash the Betz case, but I could move on to the Trout case, which was a fifth district case in 1977. Before these cases, though, Betz was a first district case in 1979. Before those two were two Supreme Court cases, one of which was cited by Mr. Arado, the Jones case that was in 1973, and the Coleman case, which was in 1971. I can talk about those two Supreme Court cases later, but I believe Betz and Trout are probably more informative because they actually deal with substances, while Jones and Coleman deal with whether we need to name the victim as an essential element. The Trout case was actually a motion to but a preliminary hearing case. The initial information, which was verified by the prosecutor, alleged the possession of amphetamine. At preliminary hearing, the prosecutor moved to amend that information to allege the possession of a substance called fencyclidine. Okay. The judge granted that motion over the objection of the defense, but the court reversed, the reason being that the information was not verified again by the prosecutor after the amendment. And the court iterated that the requirements of section 111-3 were mandatory, and that the substance alleged was an essential element. And by not having a verified charge, the state could not go forward with its case. The other two Supreme Court cases, like I discussed, the first one, the Coleman case deals with a lot of extraneous language that was added after the fact. It was a murder case where after the fact it was added, he choked her and or used a pillow and or used a blanket and or use this or that. I believe that the parties believed that that level of detail was necessary in the charging instrument. I don't think that's what we have here. And with the Jones case as well, that had to do with whether we need to name a person in an indictment. And the Jones case actually ruled that we did. They just did it on very short notice. And that was the objection. The state was allowed to change the victim's name on the day of trial. We don't have that here. We're asking that. I mean, we're saying that they shouldn't be allowed to change it at all. And I think that that's within the court's discretion. Mr. Arado had answered correctly, though he asked for some more time. I think he was correct. The the burden is it's in the discretion of the court. And this court's review is reviewed for an abuse of discretion. I don't believe that Judge Rucculia's decision was an abuse of discretion. She cited all the same reasons that I cited in my motion as for reasons why the substances are different. They're tested differently. Officers are trained differently and dogs are trained differently. And didn't she also say that the defendant would suffer no prejudice? She said she wasn't making any findings as to prejudice. How many times did she say the defendant will suffer no prejudice? I counted five. Yeah, I'm sorry I didn't count. But we didn't have a hearing. She denied it without a hearing. We didn't have evidence on that issue. Um, and with that, judges, I would ask that the that the lower court's ruling be affirmed. Any other questions? No, no. All right. Thank you, Mr. Jersey. Thank you, Mr. Arado. Thank you, Your Honor. May it please the court. Uh, Justice Holdredge. Uh, yes, it it is abuse of discretion. The verdict is, uh, in the statute of the amendment, uh, to the charging instrument. Uh, we cited people versus McCoy in our brief for that, uh, whether the court is jurisdiction, that is DeNovo review. Um, uh, just briefly, I believe that the Jones court, uh, analysis is applicable. Uh, it is. We're talking about the identity justice, identity of a victim, the identity of the controlled substance here. Uh, it's all one controlled substance act. It is simply each individual, um, uh, substance is, is broken down into the subsections, but it's the controlled substance act. And they're both the same classification. They're both the same level of offense. Um, so I believe under, uh, that and for employers, the appropriate, uh, finding would be that there was an abuse of discretion and not allowing the state to amend the charge. Um, if there are no other questions, again, we would, um, ask that this court reverse and remand. Thank you, Mr. Rado. Thank you both for your argument today. Okay. We will, um, get back to you with a written disposition. I was in a short day, but now I take a recess until 12 o'clock. Thank you again, gentlemen.